IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| MICHAEL H. AVERY and ) <br> wife, SANDRA AVERY, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LIU YINAN and ) <br> GML EXPRESS, INC., ) <br> ) <br>     Defendants. ) | No. 1:18-cv-01071-JDB-jay <br><br> JURY DEMAND |

---

JOINT PRETRIAL ORDER

---

The parties submit this Joint Pretrial Order as follows:

(1) The caption of this document constitutes a complete listing of all the parties who remain in this case to date.

(2) There is subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). There is personal jurisdiction over the Defendants. There are no jurisdictional issues.

(3) There are no pending motions. Pre-trial motions in *limine* will be filed with the Court by October 7, 2019 in accordance with the Court's pre-trial procedures.

(4) This case arises from a motor vehicle and tractor-trailer accident on Interstate 40 in Jackson, Tennessee during the morning of September 3, 2017. Plaintiff Michael Avery was travelling east on the Interstate driving a Toyota truck with a flat-bed trailer attached. Defendant Liu Yinan, operating a tractor-trailer owned by his employer, Defendant, GML Express, Inc., was also traveling east on the Interstate behind Michael Avery's truck. It is undisputed in this case that Defendant Liu Yinan struck Plaintiff Michael Avery's truck and trailer from behind. The Avery vehicle went out of control, struck the concrete barrier under the Exit 80 overpass, rolled over, and came to rest upside down in a grassy area off of the right-hand shoulder of the Interstate, just east of Exit 80. The Defendants' tractor-trailer also lost control and exited to the left-hand side of the interstate and struck the cable barriers in the median before coming to rest. Mr. Avery asks the jury to award him damages for pain and suffering, loss of enjoyment of life, medical expenses, and other damages allowed under Tennessee law. Mr. Avery's wife, Sandra Avery, is also a plaintiff

in this case and seeks damages for loss of spousal consortium and the love, affection, and services of her husband, especially for the period of time he spent while recovering from his injuries. The parties have stipulated that Defendants are responsible for the wreck and that Mr. Avery suffered $93,894.30 in medical bills as a result of his injuries for the purposes of this action. The parties have also agreed Plaintiffs are not entitled to any damages for lost past wages or lost future wages or earning capacity. Defendants dispute the extent and amount to which Plaintiffs may be entitled to damages for future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, and loss of consortium. Thus, the sole issues for trial will be the amount of non-economic damages to which Mr. Avery is entitled and the amount of damages for loss of consortium to which Mrs. Avery is entitled.

(5) As noted above, Defendants conceded liability for the wreck. Defendants stipulated that Plaintiff's medical bills were incurred because of the wreck and also stipulated to the amounts. Plaintiffs have stipulated they are not entitled to any damages for lost past wages or lost future wages or earning capacity. Plaintiffs and Defendants have disagreements on the extent and duration of Plaintiff Michael Avery's claimed pain and suffering, loss of enjoyment of life, and of Mrs. Avery's claimed loss of consortium damages.

(6) Plaintiffs and Defendants agree that the following is a sufficiently comprehensive written statement to advise the members of the jury of their task in hearing and ruling in this case: "This case arises from a motor vehicle and tractor-trailer accident on Interstate 40 in Jackson, Tennessee during the morning of September 3, 2017. Plaintiff Michael Avery was travelling east on the Interstate driving a truck with a flat-bed trailer attached. Defendant Liu Yinan, operating a tractor-trailer owned by his employer, Defendant, GML Express, Inc., was also traveling east on the Interstate behind Michael Avery's trailer and truck. It is undisputed in this case that Defendant Liu Yinan caused the wreck by rear ending Plaintiff Michael Avery's truck. The Avery vehicle went out of control, struck the concrete barrier under the Exit 80 overpass, rolled over, and came to rest upside down in a grassy area off of the right-hand shoulder of the Interstate, just east of Exit 80. The Defendants' tractor-trailer also lost control and exited to the left-hand side of the interstate and struck the cable barriers in the median before coming to rest. Mr. Avery was treated for a left forearm fracture and low back fracture primarily with an arm splint and back brace, and he did not require surgery. Mr. Avery seeks damages for pain and suffering, loss of enjoyment of life, medical expenses, and other damages allowed under Tennessee law. Mr. Avery's wife, Sandra Avery, is also a plaintiff in this case and seeks damages for loss of spousal consortium and the love, affection, and services of her husband. The parties have stipulated that Defendants are responsible for the accident and that Mr. Avery incurred $93,894.30 in medical bills as a result of his injuries for the purposes of this action. Plaintiffs are not seeking any damages for lost past wages or lost future wages or earning capacity.[1] Defendants dispute that Mr. Avery has sustained any permanent impairment or permanent injury. The parties dispute the extent and amount to which Plaintiffs may be entitled to damages for future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, and loss of consortium. Thus, the sole issues for trial will be the amount of non-economic damages to which Mr. Avery is entitled and the amount of damages for loss of consortium to which Mrs. Avery is entitled."

---

[1] Plaintiffs object to this sentence being read to the jury and will set forth their basis in a motion in limine.

(7) The parties submit that the jury is to determine the nature, extent, and value of Mr. Avery's injuries and damages to reasonably compensate him for the same, and the reasonable value of Mrs. Avery's loss of consortium damages.

(8) The parties submit that the Tennessee Pattern Jury Instructions sufficiently cover and explain the law applicable to this case. Also, permanency of Mr. Avery's injuries and causation of any claimed anxiety, post-traumatic stress disorder, or other mental or emotional injury are in dispute, and pending the Court's ruling on Defendants' objections to exhibits and testimony stated below, Defendants would request the following special jury instructions.

> a. Generally, causation of a medical condition must be established by testimony from a medical expert. Miller v. Choo Choo Partners, L.P., 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001).
>
>> i. Plaintiffs object to this special jury instruction and assert that it is sufficiently explained in the Tennessee Pattern Jury Instructions.
>
> b. Permanency of an injury in all but the most obvious injuries, such as loss of a member, must be established by expert medical testimony. Sanders v. Johnson, 859 S.W.2d 329, 331 (Tenn. Ct. App. 1993) (citing Owens v. Illinois, Inc. v. Lane, 576 S.W.2d 348, 350 (Tenn. 1978)).
>
>> i. Plaintiffs object to this special jury instruction and assert that it is sufficiently explained in the Tennessee Pattern Jury Instructions.
>
> c. The parties will set forth proposed jury instructions in separate pleadings in accordance with the Court's pre-trial procedures.

(9) (a) Plaintiff's exhibits may include the following:

> 1. Photographs of the accident scene and the vehicles involved in the accident which were attached to Responses to Discovery Requests by Plaintiffs and Defendants.
>
>> a. Defendants object to introduction of photographs of the vehicles involved and of the accident scene and will set forth the basis in a motion in limine and their Rule 26(3)(b) objection.
>
> 2. Video of the accident scene taken by Jim Clement (Clement Wrecker and Automatic Transmission) shortly after the accident occurred.
>
>> a. Defendants object to introduction of video of the vehicles involved and of the accident scene and will set forth the basis in a motion in limine and their Rule 26(3)(b) objection.

3. Photographs of Michael Avery in a rehabilitation hospital after the accident.

4. Photographs of handrails and assistive devices installed in Plaintiffs' home following the accident.

5. Plaintiff's medical records.

    a. Defendants object to introduction of certain Pathways Behavioral Health Sciences medical records and bills and will set forth the basis in a motion in limine and their Rule 26(3)(b) objection.

6. Itemization of Plaintiff's medical expenses (Docket entry 58-1) ($93,894.30).

7. Plaintiffs' depositions for identification only.

8. Any exhibits included by Defendants in their exhibit list.

9. Any pleadings in the case or discovery responses.

10. Any exhibits to the depositions.

11. Videotaped depositions of Dr. John Masterson and Dr. Daniel Hoit.

    a. Defendants object to the introduction of page 18, line 24 through page 19, line 4 of Dr. Daniel Hoit's deposition and will set forth the basis in a motion in limine and their Rule 26(3)(b) objection.
    b. Plaintiffs object to the introduction of page 27, line 16 through page 28, line 24 of Dr. Daniel Hoit's deposition, and will set forth the basis in a motion in limine.
    c. Plaintiffs object to the introduction of page 32, line 15 through page 33, line 21 and page 40, lines 18-22 of Dr. John Masterson's deposition and will set forth the basis in a motion in limine.

(b) Defendants' exhibits may include the following:

1. Photos, comments, and videos posted by Plaintiff Michael Avery on his Facebook page/profile since September 3, 2017.

    a. Plaintiffs object to certain photos, comments, and videos being introduced and will set forth the basis in a motion in *limine*.

2. Photo of Michael Avery taken on September 18, 2017 in the inpatient rehabilitation hospital.

3. Any exhibits included by Plaintiffs in their exhibit list not otherwise objected to by Defendants.

(10) The parties may call the following witnesses:

    (a)    Plaintiff's witnesses may include:

        1. Michael Avery
        2. Sandra Avery
        3. Daniel Hoit, MD (by deposition)
        4. John Masterson, MD (by deposition)
        5. Trooper Kenny Ganaway
        6. Trooper Tyler Norris
        7. Jim Clement
        8. Jackson-Madison County General Hospital Custodian of Records
        9. Any witnesses listed by Defendants
        10. Any witnesses needed for impeachment or rebuttal.

        (i)    Defendants object to testimony from Jim Clement and Troopers Kenny Ganaway and Tyler Norris as to introduction or explanation of photographs or video of the accident scene and will set forth the basis in a motion in limine and their Rule 26(3)(b) objection.

    (b)    Defendant's witnesses may include:

        1. Michael Avery
        2. Sandra Avery
        3. Daniel Hoit, MD (by deposition)
            a. With the exception of page 18 line 24 through page 19, line 4
        4. John Masterson, MD (by deposition)

(11) Counsel for the parties are in agreement on either party producing the videotaped deposition testimony of Daniel Hoit, MD and John Masterson, MD, except Defendants object to the introduction of page 18, line 24 through page 19, line 4 of Dr. Hoit's deposition.

(12) The parties anticipate trial will last two (2) days.

(13) This is a jury trial.

(14) The parties have stipulated that the Plaintiff Michael Avery is entitled to $93,894.30 in medical expenses, but that he is not entitled to any damages for lost past wages or lost future wages or earning capacity.

(15) Samuel Ivy, IVY LAW, PLLC, in Jackson, Tennessee, along with Randy Camp, Law Office of Randy Camp, represent Mr. and Mrs. Avery. James Thompson and Bradford Box with Rainey, Kizer, Reviere & Bell, PLC in Jackson, Tennessee represent Liu Yinan and GML Express, Inc. The letterheads for each interested attorney/firm are attached as Collective Exhibit 1.

(16)  The parties may bring the following pieces of special equipment for use at trial: overhead projector, screen for projector, laptop computers, video projector, easel, and printer.

IT IS SO ORDERED this 17th day of October 2019.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE